CASEY JENSEN, Bar No. 263593
Email Address: cjensen@deconsel.com
DeCARLO & SHANLEY
a Professional Corporation
533 S. Fremont Avenue, 9th Floor
Los Angeles, California  90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

ATTORNEYS FOR PLAINTIFFS, CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>TEC INSTALLATION, INC., a California corporation; FRANCISCO JAVIER GONZALEZ, JR., also known as FRANCISCO GONZALEZ, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1. DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS;<br><br>2. DEFALCATION OF FIDUCIARY BY THE MISAPPROPRIATION OF VACATION FUNDS HELD IN FIDUCIARY CAPACITY;<br><br>3. SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS;<br><br>4. INJUNCTIVE RELIEF FOR FAILURE TO TIMELY FILE AND PAY EMPLOYER MONTHLY REPORTS; |

**JURISDICTION**

1.     This is a civil action 1) to recover fringe benefit contributions, 2) for defalcation of fiduciary, 3) for specific performance for specific missing reports; and 4) for injunctive relief to compel proper reporting.  This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and Sections 502

and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145.

## PARTIES AND OTHERS

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as "PLAINTIFFS."

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown at this time to PLAINTIFFS. PLAINTIFFS therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when the same has been ascertained. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, either through its own conduct, or through the conduct of its agents, servants and/or employees, or in some other manner as yet unknown, and that PLAINTIFFS' damages as herein alleged were proximately caused by those defendants.

6. At all relevant times, the Southwest Carpenters Health and Welfare

Trust, the Southwest Carpenters Pension Trust, the Southwest Carpenters Vacation Trust, and the Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times, the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8. At all relevant times, the Carpenters-Contractors Cooperation Committee ("CCCC"), was and is a non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

9. CSAC is the administrator of the Southwest Carpenters Health and Welfare Trust, the Southwest Carpenters Pension Trust, the Southwest Carpenters Vacation Trust, and the Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, and the Carpenters-Contractors Cooperation Committee (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11. The Southwest Regional Council of Carpenters and its affiliated local

unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are a party to the collective bargaining agreements involved.

12. At all relevant times, employer, TEC INSTALLATIONS, INC., a California corporation, and DOES 1 through 5 ("EMPLOYER"), was and is a contractor engaged in the construction industry within the jurisdiction of the relevant UNIONS.

13. At all relevant times, FRANCISCO JAVIER GONZALEZ, JR., also known as FRANCISCO GONZALEZ, an individual, and DOES 6 through 10, was and is listed with the Contractor's State License Board as Responsible Managing Officer, Chief Executive Officer, and President of EMPLOYER, and is referred to in this complaint as "INDIVIDUAL".

## FIRST CLAIM FOR RELIEF
## (DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AGAINST TEC INSTALLATIONS, INC., a California corporation and DOES 1 THROUGH 5)

14. On or about the date set forth thereon, EMPLOYER made, executed and delivered to the UNION, a Carpenters Memorandum Agreement dated December 30, 2014 ("MEMORANDUM AGREEMENT"). A true and correct copy is attached hereto, marked respectively as Exhibit "1" and incorporated herein by reference.

15. The MEMORANDUM AGREEMENT binds EMPLOYER to the terms and conditions of the Carpenters Master Labor Agreement between United General Contractors, Inc. and the Southwest Regional Council of Carpenters and its affiliated Local Unions, United Brotherhood of Carpenters and Joiners of America, dated July 1, 2012, and any renewals or subsequent Master Labor Agreements, and

the PLANS' agreements and any amendments, modifications, extensions, supplementations or renewals of the PLANS' agreements (collectively referred to as "AGREEMENTS"). The PLANS are third party beneficiaries of the MEMORANDUM AGREEMENT and Master Labor Agreements.

16. The Master Labor Agreement binds EMPLOYER to any renewals or subsequent applicable Master Labor Agreements and the PLANS' AGREEMENTS (collectively, the "AGREEMENTS").

17. The AGREEMENTS require EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all compensation paid to employees performing services covered by the AGREEMENTS.

18. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the County of Los Angeles.

19. In acknowledging both that the regular and prompt payment of employer contributions is essential to the maintenance of the PLANS, and the extreme difficulty, if not impracticability, of fixing the actual expense and damage to the PLANS when such monthly contributions are not paid when due, the AGREEMENTS provide that the amount of contractual damages to the PLANS resulting from a failure to pay contributions when due shall be presumed to be the sum of $30.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater. This amount shall become due and payable to the CSAC as liquidated damages in addition to the unpaid contributions or contributions paid

1 late.

2  20. EMPLOYER engaged workers who performed services covered by the AGREEMENTS and who performed labor on works of construction within the jurisdiction of the PLANS' AGREEMENTS undertaken by EMPLOYER during the term of the PLANS' AGREEMENTS.

6  21. EMPLOYER has failed to pay the fringe benefit contributions in the manner prescribed by the AGREEMENTS, and there is now due and owing the PLANS from EMPLOYER the amounts set forth in Exhibit "2."

9  22. The AGREEMENTS require EMPLOYER to pay for the expense of auditing EMPLOYER's business records if an audit by the PLANS indicates that EMPLOYER failed to report and pay all contributions.

12  23. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for interest on the unpaid contributions from the first of the month following the date due, at the rate prescribed by the AGREEMENTS.

16  24. As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated damages provided for under the AGREEMENTS.

21  25. It has been necessary for PLAINTIFFS to engage counsel to bring this action to recover the delinquent fringe benefit contributions. Pursuant to the AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this matter.

26  26. The PLANS have complied with all conditions precedent.

27  27. CSAC has, concurrently with the filing of this complaint, served a copy of the same upon the Secretary of Labor and Secretary of the Treasury.

# SECOND CLAIM FOR RELIEF
# (DEFALCATION OF FIDUCIARY BY THE MISAPPROPRIATION OF VACATION FUNDS HELD IN FIDUCIARY CAPACITY AGAINST FRANCISCO JAVIER GONZALEZ, JR., also known as JAVIER GONZALEZ, an individual and DOES 6 through 10)

28.     PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27 of their First Claim for Relief and allege a Second Claim for Relief against INDIVIDUAL for defalcation of fiduciary by the misappropriation of vacation funds held in fiduciary capacity by INDIVIDUAL as follows:

29.     The Vacation Plan was created by the AGREEMENTS.

30.     The AGREEMENTS obligate EMPLOYER to include the amounts to be paid to the Vacation Plan in the individual employees taxable income and to submit the amount so deducted monthly to the Vacation Plan.

31.     PLAINTIFFS are informed and believe and, based on such information and belief, allege that during the months of October 2017 and November 2017, INDIVIDUAL withheld funds from EMPLOYER's employees.  INDIVIDUAL failed to properly forward the withheld funds to the Vacation Plan, in an amount to be proven at trial.  By acting in this manner, INDIVIDUAL exercised discretionary authority or control over the assets of the Vacation Plan and was thus a fiduciary.

32.     PLAINTIFFS are informed and believe and based on such information and belief, allege that EMPLOYER was, and still is, justly and truly indebted to said Vacation Plan (as to contributions only) in an amount as set forth in Exhibit "3."

33.     PLAINTIFFS are informed and believe and based on such information and belief, allege that EMPLOYER, was, and still is, further indebted to said Vacation Plan (as to contributions only) for additional amounts to be proven at trial.

34.     In assuming the obligations to ascertain and report contributions to the

Vacation Plan, INDIVIDUAL entered into a fiduciary relationship with the Vacation Plan, and was thereby obligated to pay the Vacation Plan all monies withheld from the employees' wages.

35. PLAINTIFFS are informed and believe and, based on such information and belief, allege that by failing to segregate trust property, by misappropriating or failing to account for trust property and by failing to timely tender funds withheld from employees to the Vacation Plan, INDIVIDUAL breached INDIVIDUAL'S fiduciary obligations and thus engaged in defalcation.

36. At all times material herein, INDIVIDUAL is and was a fiduciary with respect to the PLANS within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), because INDIVIDUAL exercised discretionary authority or control respecting management of disposition of assets of the PLANS.

37. By engaging in the acts and omissions described herein, INDIVIDUAL caused assets of the PLANS to inure to the benefit of an employer, namely EMPLOYER, and not to the benefit of participants in the PLANS and their beneficiaries and not for defraying reasonable expenses of the PLANS. These actions were in violation of Section 403(c)(1) of ERISA, 29 U.S.C. §1103(c)(1).

### THIRD CLAIM FOR RELIEF
### (SPECIFIC PERFORMANCE FOR SPECIFIC MISSING REPORTS AGAINST TEC INSTALLATIONS, INC., a California corporation; and DOES 1 THROUGH 5)

38. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 37 of their First and Second Claims for Relief and allege a Third Claim for Relief against EMPLOYER for Specific Performance for Missing Reports as follows:

39. This action for specific performance arises and jurisdiction of the court

is founded on Section 301 of the LMRA (29 U.S.C. §185A) and Section 502 of ERISA, as amended (29 U.S.C. §1132).

40. The AGREEMENTS require EMPLOYER to complete and submit REPORTS stating the amount of contributions owed along with fringe benefit contributions to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid for.

41. EMPLOYER has failed to submit REPORTS and contributions for the following months: San Diego Carpenter Reports for March 2017 and May 2017 through September 2018; and Carpenter Reports for December 2017 through September 2018.

42. The PLANS have no adequate or speedy remedy at law, as the PLANS are unable to calculate the amount owing.

**FOURTH CLAIM FOR RELIEF**
**(INJUNCTIVE RELIEF FOR FAILURE TO TIMELY FILE**
**AND PAY EMPLOYER MONTHLY REPORTS AGAINST**
**TEC INSTALLATIONS, INC.,**
**a California corporation and DOES 1 THROUGH 5)**

43. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 42 of their First, Second and Third Claims for Relief and allege a Fourth Claim of Relief for Injunctive Relief against EMPLOYER as follows:

44. ERISA Section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan. . . ."

45. Additionally, Section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a

multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement".

46. EMPLOYER has failed to submit REPORTS and/or remit full contributions to the PLANS for the period of June 2016 through September 2018, and may fail to furnish REPORTS or remit contributions to the PLANS for subsequent months.

47. As a result of EMPLOYER's failure to pay contributions on the dates on which its contributions were due, EMPLOYER has become indebted to the PLANS for contributions, liquidated damages, and interest.

48. PLAINTIFFS timely notified EMPLOYER by letter of each delinquency and of the assessment of each delinquency, and repeatedly demanded payment of the delinquencies. To date, EMPLOYER has failed to pay the delinquencies owed to the PLANS.

49. EMPLOYER's failure to promptly pay its delinquencies to the PLANS on the dates on which such contributions were due is a violation of the AGREEMENTS.

50. EMPLOYER's delinquencies to PLAINTIFFS have occurred from June 2016 and are continuing.

51. EMPLOYER will continue to refuse or fail to pay contributions to the PLANS and thereby create future unpaid delinquencies during the remaining terms of the AGREEMENTS. Unless EMPLOYER is enjoined from failing to make its contributions and restrained from incurring delinquencies, the PLANS will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the PLANS will be required to bring a multiplicity of actions at law to recover the delinquencies as they occur, to the PLANS' great expense and hardship. Further, unless EMPLOYER is so enjoined, based on experiences with other

similarly situated employers, the PLANS have little prospect of ever collecting on the additional delinquencies incurred as such employers frequently petition for bankruptcy, dissolve or otherwise cease doing business as a result of the financial difficulties involved in their delinquencies, and the PLANS are unable thereafter to collect delinquencies thus owing.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

**FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF**
**(DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AGAINST TEC INSTALLATIONS, INC.,**
**a California corporation**
**and DOES 1 THROUGH 5)**

1. For contributions in the sum of $17,343.56;
2. For interest and liquidated damages, as provided in the AGREEMENTS;
3. For a statutory amount equal to the greater of the interest on unpaid contributions which were owing as of the time of the filing of the complaint herein (at the rate prescribed by law), or liquidated damages as provided in the AGREEMENTS, in an amount to be determined.

**FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF**
**(DEFALCATION OF FIDUCIARY BY THE MISAPPROPRIATION OF VACATION FUNDS HELD IN FIDUCIARY CAPACITY AGAINST FRANCISCO JAVIER GONZALEZ, JR.,**
**also known as JAVIER GONZALEZ, an individual**
**and DOES 6 THROUGH 10)**

1. That the court determine that INDIVIDUAL is liable for the funds withheld from employees for the Vacation Plan in the amount of $2,544.00;
2. That the court determine that INDIVIDUAL is liable for further funds

withheld from employees for the Vacation Plan in an amount to be proven at trial and as provided in the AGREEMENTS; and

    3. That the court determine the remaining issues and render judgment for PLAINTIFFS for the amount of debt, plus interest as proven at trial.

**FOR PLAINTIFFS' THIRD CLAIM FOR RELIEF**
**(SPECIFIC PERFORMANCE FOR SPECIFIC MISSING**
**REPORTS AGAINST TEC INSTALLATIONS, INC.,**
**a California corporation**
**and DOES 1 THROUGH 5)**

    1.    That EMPLOYER be compelled to forthwith submit the REPORTS for the following months along with the appropriate contributions: San Diego Carpenter Reports for March 2017 and May 2017 through September 2018; and Carpenter Reports for December 2017 through September 2018.

**FOR PLAINTIFFS' FOURTH CLAIM FOR RELIEF**
**(INJUNCTIVE RELIEF FOR FAILURE TO TIMELY FILE AND**
**PAY EMPLOYER MONTHLY REPORTS AGAINST**
**TEC INSTALLATIONS, INC., a California corporation**
**and DOES 1 THROUGH 5)**

    1.    For issuance of both preliminary and permanent injunctions restraining and enjoining EMPLOYER, for so long as EMPLOYER remains bound to make any payments or contributions to the PLANS, from failing to deliver or cause to be delivered to PLAINTIFFS, no later than the 25th day of the month:

        a. A complete, truthful, and accurate Employer's Monthly Report to Trustees covering all employees of EMPLOYER employed during the previous month under the AGREEMENTS;

        b. A declaration from a responsible employee of EMPLOYER

1 | attesting from his or her personal knowledge under penalties of perjury
2 | to the completeness, truthfulness, and accuracy for the Monthly
3 | Report; and
4 |     c. A check for the full amount owing on the Monthly Report.
5 |   2. For submission and timely payment of the Employers Monthly
6 | Reports to Trustees for the months of June 2016 through the present, so long as
7 | the EMPLOYER remains bound to make any payments of contributions to the
8 | PLANS.

**AS TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:**

1. For reasonable attorneys' fees;
2. For costs of this action;
3. For further contributions according to proof; and
4. For such other and further relief as the court deems proper.

Dated: November 2, 2018

DeCARLO & SHANLEY,
a Professional Corporation

By: _____
CASEY JENSEN
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION and
BOARD OF TRUSTEES FOR THE
CARPENTERS SOUTHWEST TRUSTS